Filed 9/25/14  P. v. Mancias CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS ALBERTO MANCIAS,<br><br>    Defendant and Appellant. | F066583<br><br>(Super. Ct. No. F11906149)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff and Houry A. Sanderson, Judges.[†]

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

[†]      Judge Hoff ruled on appellant's first motion to substitute his trial counsel.  Judge Sanderson presided over appellant's change of plea, second motion to substitute counsel, and sentencing hearing.

## PROCEDURAL SUMMARY

Appellant, Luis Alberto Mancias, was charged on July 12, 2012, in a first amended information with committing a lewd and lascivious act on a child under the age of 14 years old (Pen. Code, § 288, subd. (b)(1), count 1),[1] aggravated sexual assault between November 8, 1999 and November 7, 2007, on a child under the age of 14 years old and being more than seven years older than the victim (§ 269, subd. (a)(5), count 2), two counts of aggravated sexual assault by oral copulation on a victim under the age of 14 years old and being more than 10 years older than the victim (§ 269, subd. (a)(4), counts 3 & 4), and committing a lewd and lascivious act on a child who was 14 or 15 years old, and being at least 10 years older than the victim (§ 288, subd. (c)(1), count 5).

On September 19, 2012, the trial court conducted a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Appellant said he had been sending his attorney letters asking for paperwork, and explained he needed the paperwork in his case, including the statement of witnesses, to assist his counsel and had just received it the week before. Appellant told the court he was in court because of domestic violence with his wife and had a clean record. Appellant reiterated that his counsel had not brought him the paperwork.

Trial counsel told the court he had gone over with appellant numerous factual discrepancies in the case. Counsel also discussed with appellant *Miranda*[2] advisements he received from investigators. Counsel planned at trial to possibly make a challenge to statements by appellant based on *Miranda*, but acknowledged the challenge would be a close call. There was an offer for appellant to admit one count of section 269, subdivision (a)(5) with a sentence of 15 years to life. Appellant faced exposure of an indeterminate term of 30 years to life plus a determinate term of 4 years, or possibly, an

---

[1]     Unless otherwise designated, all statutory references are to the Penal Code.

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

indeterminate term of 45 years to life plus a determinate term of 11 years.  Counsel was also preparing to file a suppression motion.  Appellant offered no other information and the trial court denied the *Marsden* motion.  The court found counsel was adequately representing appellant and that there was no breakdown in the attorney-client relationship.

On September 19, 2012, appellant entered into a plea agreement.  Appellant initialed and executed a felony advisement of rights, waiver, and plea form acknowledging and waiving his constitutional rights pursuant to *Boykin/Tahl*.[3]  Appellant also acknowledged the consequences of his plea.  In exchange for appellant's admission of count 2, an allegation of section 269, subdivision (a)(5), the remaining allegations would be dismissed.  Under the plea agreement, the court would sentence appellant to a term of 15 years to life.  The contents of the form were translated into Spanish for appellant by a certified Spanish interpreter who stated that appellant indicated he understood the contents of the form and initialed it.

The court asked appellant if he recognized the plea form, if he had sufficient opportunity to review it with his counsel, and if appellant executed and initialed the form.  Appellant replied affirmatively to all of the court's questions.  Appellant indicated he had no questions about the plea he was about to enter.  The trial court advised appellant of, and he waived, his *Boykin/Tahl* rights.  The court advised appellant of the consequences of his plea including, inter alia, the parole and immigration consequences of admitting the allegation as well as the fact that he would be ineligible for probation.

The parties stipulated that the preliminary hearing transcript constituted the factual basis for the plea.  Appellant pled no contest to count 2.

On October 26, 2012, appellant brought a second *Marsden* motion.  Appellant presented the court with a letter.  The letter was written in English by appellant and

---

[3]     *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

signed by him.[4]  The court stated that the letter generally expressed appellant's dissatisfaction with trial counsel's performance and sought his replacement as counsel. Appellant stated that more investigation needed to be done in his case and his family was gathering funds for retained counsel.

When asked for specific reasons why appellant was dissatisfied with his trial counsel, appellant replied that his counsel had not spoken to the victim.  Although counsel called the victim, the victim never answered the phone.  Appellant complained that the district attorney's investigators had talked to the victim but his own counsel had not.  Appellant said that counsel told him not to take the plea bargain because if appellant went to trial the result would be the same.  Appellant said that before trial his counsel told him he faced a sentence of 45 years to life.

Appellant further complained that his counsel should have done more work on his case.  Appellant did not believe the punishment he was getting was fair because he made a mistake, it was his first time in jail, and he was going to spend the rest of his life in prison.

Trial counsel had been assigned to appellant's case since October 2011.  Counsel spoke to appellant on several occasions and sent an investigator to talk to the witnesses appellant described.  The complaining witness would not return counsel's calls or speak with counsel or his investigator.  She did, however, testify at the preliminary hearing. Counsel did not prepare motions, but was considering a *Miranda* motion to exclude some of appellant's statements to investigators had the case gone to trial.  Counsel discussed this point with appellant and decided not to file the motion because in similar cases the court always admitted the evidence.  Counsel had first learned about appellant's desire to hire private counsel that day.

---

[4]     Appellant had a Spanish interpreter throughout the proceedings.

4.

Counsel explained that although he had not tried to contact the victim in person, his investigator had done so but only succeeded in leaving a business card. Counsel tried to bargain the case to a violation of section 288.5 with a lower sentence and calculated that had appellant gone to trial and lost on all of the charges, he faced a sentence of 30 years to life plus 4 years. The court could also give appellant more prison time if he lost at trial, 45 years to life plus 11 years.

The court found that appellant's counsel had assessed the case, discussed it with appellant, and that appellant was provided with adequate representation. Appellant had been provided with correct information concerning his exposure in the event he was convicted after a trial of all the allegations against him. The court noted that although appellant was distraught over the outcome of the case, there had been effective representation and no breakdown in communications. The court denied the *Marsden* motion.

On November 30, 2012, the trial court noted appellant was not eligible for probation and sentenced him to prison for a term of 15 years to life pursuant to the plea agreement. Appellant was granted actual custody credits of 407 days, conduct credits of 61 days, and total custody credits of 468 days. The court ordered restitution of $3,600, reserved the issue of direct victim restitution, and imposed other fines, fees, and penalties. Appellant did not obtain a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**FACTS**

Appellant is related to R.P. who was born in November 1994.[5] When R.P. was about five years old, the two were alone when appellant drove her to the outskirts of the

---

[5] Some of the dismissed allegations involved a second female victim who was 15 years old when appellant molested her. Because these allegations were dismissed, we do not recount the facts involving the molestation of the second victim.

town they lived in. Appellant removed R.P.'s underwear and his own jeans and began to rub against R.P.'s vagina with his penis. Appellant engaged in this conduct on more than 10 occasions when R.P. was between the ages of 10 and 13. When R.P. was between the ages of 10 and 13, appellant touched her breasts and buttocks on more than 5 occasions. Appellant also made R.P. give him oral sex more than 10 times when she was between the ages of 10 and 13. Appellant urged R.P. not to tell anyone what had happened after these incidents. When R.P. told appellant she did not want to engage in sex acts with him, he ignored her.

After appellant was arrested, he told police that whatever R.P. accused him of doing was true and he was ashamed of it. Appellant admitted to police that he kissed and sucked on R.P.'s vagina. Appellant said he began this conduct when R.P. was 12 years old. Appellant admitted having mutual oral copulation with R.P. Appellant wrote a letter of apology to R.P. Appellant was in his early 30's when he was arrested.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on August 14, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.